IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENJAMIN A. JOHNSON,
# 32451-044,

Petitioner,

vs.

M. BAIRD,

Respondent.                                    Case No. 16-cv-235-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Benjamin Johnson, who is currently incarcerated in the United States Penitentiary at Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241, in order to challenge the calculation of his federal sentence in *United States v. Flenory, et al.*, No. 05-cr-80955-AC-RSW-11 (E.D. Mich. 2005) ("federal criminal case"). Johnson seeks credit under 18 U.S.C. § 3585(b) for 1,530 days he spent in custody before the commencement of his federal sentence.

This matter is now before the Court for review of the First Amended Petition[1] pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States

---

[1] After filing his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) ("Original Petition"), Johnson filed a Motion to Amend/Correct Petition for Writ of Habeas Corpus (Doc. 3). In the motion, Johnson requested leave to supplement the Original Petition with additional information and arguments. Johnson later filed a proposed "Supplement" (Doc. 4). Although the Court normally does not accept piecemeal amendments to pleadings, it will do so in this particular situation, where Johnson sought leave to supplement the Original Petition prior to this Court's preliminary review of this matter. The Motion to Amend (Doc. 3) shall therefore be **GRANTED**, and the Clerk will

District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

### I.     Background

On October 28, 2005, Benjamin Johnson[2] was indicted by a federal grand jury for conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846, for possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), and for conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1) and 1956(h).  (Doc. 1, federal criminal case).  Pursuant to a written plea agreement, Johnson pleaded guilty to conspiracy to distribute cocaine and conspiracy to launder monetary instruments.  *See United States v. Johnson*, 371 Fed. Appx. 631, 632 (6th Cir. 2010) (summarizing procedural history of federal criminal case).

Both parties to the plea agreement initially indicated that Johnson's Guideline sentencing range was 188-235 months, but later agreed that it was 262-

---

be **DIRECTED** to refile the Original Petition (Doc. 1) and Supplement (Doc. 4) as a single pleading entitled "First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241."  The Court will refer to Documents 1 and 4 collectively in this Order as the "First Amended Petition."

[2] Benjamin Johnson, who has used a number of aliases that include "James Lee Belle," acted as a manager of a large cocaine distribution conspiracy known as the "Black Mafia Family."

327 months. *Id*. at 634. Incorporated by reference into the plea agreement was a cooperation agreement, in which the Government agreed to move for a reduced sentence of 94-118 months under either U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure 35 if Johnson provided "substantial assistance" to the Government. When Johnson failed to do so, the Government declined to move for a reduced sentence.

At sentencing, Johnson's attorney argued that his client should receive credit for time that Johnson served in state prison under U.S.S.G. § 5G1.3. *Id*. At the time of the indictment in his federal criminal case, Johnson was serving a sentence in state prison for a drug offense. On November 17, 2008, the United States District Court for the Eastern District of Michigan imposed a sentence of 150 months after acknowledging that Johnson was indeed "entitled to credit" for time he served in State custody. *Id*.

Johnson maintains that he never received this credit. He filed numerous motions for reconsideration and sentence reduction in his federal criminal case. (Docs. 1408, 1416, 1450, 1459-62, 1472, 1496, 1500, 1524-33, federal criminal case). To date, his motions have been denied. (Docs. 1428, 1457, 1511, federal criminal case). Johnson also filed multiple appeals to challenge the validity of the written plea agreement, his conviction, and his sentence. *United States v. Johnson*, No. 08-2529 (6th Cir. 2008) ("first appeal"); *United States v. Johnson*, No. 08-2562 (6th Cir. 2008) (dismissed as duplicative); *United States v. Johnson*, No. 08-2563 (6th Cir. 2008) (dismissed as duplicative); *United States v. Johnson*,

No. 13-2485 (6th Cir. 2013) ("second appeal"); *United States v. Johnson*, No. 15-2272 (6th Cir. 2015) ("third appeal").

In the first appeal, the Sixth Circuit affirmed Johnson's conviction and sentence on April 6, 2010, after rejecting his challenges to his written plea agreement and his sentence. *United States v. Johnson*, 371 Fed. Appx. 631 (6th Cir. 2010). In his second appeal, the Sixth Circuit denied his request for a sentence reduction under Federal Rule of Criminal Procedure 35(a). (Doc. 39-1, second appeal). The Sixth Circuit dismissed the third appeal at Johnson's request. (Doc. 6, third appeal).

Johnson never filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1, pp. 3-4, instant case). However ,he filed a Petition for Writ of Mandamus in the United States District Court for the Eastern District of Michigan on February 5, 2016. *In re Johnson*, No. 16-1149 (E.D. Mich. 2016). While that petition was pending, he filed the instant § 2241 petition in this District.

## II.     First Amended Petition

In the First Amended Petition, Johnson claims that he should have been awarded a credit against his 150-month federal sentence for 1,530 days that he spent in custody prior to the date his federal sentence formally commenced. (Doc. 1, p. 3). This includes time that he spent in jail from October 27, 2005 to January 4, 2010. (*Id*. at 2). Specifically, Johnson claims that his sentence was improperly calculated under 18 U.S.C. § 3585(b). (Docs. 1, 4). The Federal

Bureau of Prisons allegedly gave him no credit for this time. He asks this Court to award him the credit now. (Doc. 1, pp. 3-4). Along with the petition, Johnson submitted documentation of his efforts to exhaust his administrative remedies within the Federal Bureau of Prisons prior to filing this action. (Doc. 4).

### III.   Discussion

Normally, a federal prisoner who challenges the validity of his conviction or sentence is required to bring his claim in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the district of conviction. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, when an inmate "is attacking the fact or length of his confinement in a federal prison on the basis of something that happened *after* he was convicted and sentenced, habeas corpus is the right remedy." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (citations omitted) (emphasis added). In this case, Johnson is attacking the length of his confinement, based on the Federal Bureau of Prison's failure to award him credit for time he spent in presentence custody. Generally, it is the Bureau of Prisons that computes credit under 18 U.S.C. § 3585(b) *after* the sentence is imposed. *United States v. Lemus-Rodriguez*, 495 Fed. Appx. 723, 726 (7th Cir. 2012) (citing *United States v. Wilson*, 503 U.S. 329, 333-35 (1992)). The calculation of the sentence can be challenged in a habeas petition under § 2241. *Romandine v. United States*, 205 F.3d 731, 736 (7th Cir. 2000).

Without commenting on the merits of Johnson's claim, the Court concludes that the First Amended Petition survives preliminary review under Rule 4 and

Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

## IV.  Disposition

**IT IS HEREBY ORDERED** that the Motion to Amend/Correct Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED**.  The Clerk is **DIRECTED** to refile the Original Petition (Doc. 1) and Supplement (Doc. 4) as a single pleading entitled "First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241."

**IT IS ORDERED** that Respondent Warden M. Baird shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered (**on or before May 2, 2016**).[3]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by

---

[3] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 31, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.03.31 19:52:12 -05'00'

**United States District Court**