IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN A. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil No.   16-cv-235-CJP[1] |
| vs. ) | |
| ) | |
| M. BAIRD, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Petitioner Benjamin A. Johnson filed a Petition for Writ of Habeas Corpus pursuant 28 U.S.C. §2241, challenging the calculation of his sentence.  Petitioner contends that he should be given credit on his federal sentence for time he spent in custody prior to the imposition of sentence, despite the fact that he was given credit for that time on a state sentence.  He also suggests that U.S.S.G. §5G1.3 should be applied to the calculation of his sentence.

Now before the Court is Johnson's Amended Petition, Doc. 6.  Petitioner claims that he is entitled to credit for 1,530 days, representing the period from October 27, 2005, to January 4, 2010.

**Relevant Facts**

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).   See, Doc. 12.

1

On November 14, 2008, Johnson was sentenced to concurrent terms of 150 months imprisonment on charges of conspiracy to distribute five kilograms or more of cocaine and money laundering in the Eastern District of Michigan, Case No. 05-cr-80955-CDP, to be followed by 5 years of supervised release. Doc. 29, Ex. 10. An amended judgment was entered in October 2009. The purpose of the amendment was to "clarify that federal sentence is to be served concurrent with the state sentence." Petitioner was again sentenced to two concurrent terms of 150 months imprisonment. The amended judgment specified that he "should receive federal credit retroactively from November 14, 2008." Ex. 11, pp. 2-3.

At the time his federal sentence was imposed, Johnson was in the custody of the Michigan Department of Corrections. He had been sentenced in July 2004 to 27 months imprisonment on state drug charges. He was paroled in April 2005, but violated his parole shortly thereafter. He was then sentenced on the parole violation to 42 months to 7 years imprisonment on the first count and to 36 months to 30 years on the second count. He was serving the parole violation sentence when his federal sentence was imposed. Ex. 2, p. 16.

On November 18, 2009, Johnson was paroled by the state of Michigan and taken into federal custody to serve the remainder of his federal sentence in the BOP. Ex. 4, p. 6.

**Analysis**

Respondent argues that petitioner has failed to exhaust administrative remedies. Petitioner seems to concede that point, as he asserts in the amended petition that exhaustion would be futile in his case. Doc. 6, p. 2.

The Attorney General, acting through the Bureau of Prisons, calculates the sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992). The calculation, i.e., the execution, of the sentence can be challenged in a §2241 petition. However, before the Court can consider such a claim, petitioner must exhaust administrative remedies.

The Seventh Circuit has squarely held that a claim concerning the computation of a sentence can be considered a petition for habeas relief only after administrative remedies have been exhausted. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). It is true that the exhaustion requirement for a §2241 case is not created by statute, and is not jurisdictional. Nonetheless, the Seventh Circuit has clearly stated that exhaustion is required in cases such as this. *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983).

The Bureau of Prisons has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The Program is described in detail in the Response to the Petition, Doc. 29, p. 5.

Here, petitioner started the process by submitting an institutional level request to USP-Marion seeking credit on his sentence in February 2016. However,

3

his appeals to the Regional Office and the Central Office were rejected because they did not comply with the administrative rules. Doc. 29, Ex. 14; Doc. 31. Therefore, petitioner has failed to exhaust administrative remedies.

Even if Johnson had properly exhausted administrative remedies, he would not be entitled to the relief he seeks.

18 U.S.C. §3585(b) provides that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence." See, *U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). The Seventh Circuit has repeatedly held that §3585(b) means what it says: the time that a defendant spends in pre-sentence custody cannot be credited to his newly-imposed sentence if that time has been credited to another sentence. See, *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996)("The statute [§3585(b)] is explicit that you can get credit against only one sentence, and the defendant was already getting credit against the sentence for his parole violation."); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."); *Grigsby v. Bledsoe*, 223 F. App'x. 486, 488-489 (7th Cir. 2007), and cases cited therein; *Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005); *Easley v. Stepp*, 5 F. App'x 541, 542 (7th Cir. 2001).

Petitioner has been given credit on his federal sentence for all of the time beginning on the day on which it was imposed, November 14, 2008.[2] Petitioner cannot be given credit for the time he spent in state custody before November 14, 2008, because that time was credited to his state parole violation sentence. 18 U.S.C. §3585(b).

Petitioner argues in his reply that the state charges and the federal drug charge are relevant conduct to each other. Doc. 30, p. 2. Although it is not entirely clear, he seems to be arguing that that U.S.S.G. §5G1.3(b) should be applied and that his federal sentence should be adjusted to take into account the time he served on the state charge.

This argument concerns the imposition of sentence, not the execution of sentence, and therefore cannot be brought in a §2241 petition. See, Carnine v. U.S., 974 F.2d 924, 927 (7th Cir. 1992)(where alleged error occurred at or prior to sentencing, the remedy is under §2255, not §2241). An argument that the sentencing court misapplied (or failed to apply) U.S.S.G. §5G1.3 is not cognizable in a §2241 petition. See, *McCall v. United States*, 304 F. App'x. 449, 450 (7th Cir. 2008) (claim that the sentencing court misapplied U.S.S.G. § 5G1.3 was a claim challenging the imposition of sentence, which could not be brought under § 2241); *Gravitt v. Veach*, 229 F. App'x. 417, 418 (7th Cir. 2007) ("Gravitt's contention that

---

[2] Johnson was in primary federal custody from the date of his arrest on the federal warrant, October 26, 2005, to January 18, 2006, when he was returned to the primary custody of the state. He has been given credit for that time. His current projected release date is August 15, 2019. Doc. 29, Ex. 13.

the district court misapplied § 5G1.3 attacks the imposition, not the execution, of his federal sentence, and ordinarily only challenges to the execution of a sentence are properly brought under § 2241. . . . ")

In short, Johnson failed to exhaust administrative remedies.  Even if he had exhausted, his argument that he should be given credit on his federal sentence for the time spent in custody prior to the imposition of that sentence is barred by 18 U.S.C. §3585(b).  And, his claim regarding the application of U.S.S.G. §5G1.3 cannot be brought in a §2241 petition.

## Conclusion

For the foregoing reasons, Benjamin Johnson's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 **(Doc. 6)** is **DENIED**.  The Petition is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:**   March 21, 2017.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

**<u>Notice</u>**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(B).  A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended.  A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline.  Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).